UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AUDREY A. LLOYD,

                              Plaintiff,


                                                        Case # 15-CV-248-FPG
v.
                                                        DECISION & ORDER


CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant.


# INTRODUCTION

Plaintiff Audrey A. Lloyd ("Plaintiff") brings this action to challenge the final decision of

the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's

application for disability insurance benefits ("DIB") and supplemental security income ("SSI")

under Titles II and XVI of the Social Security Act ("the Act").   ECF No. 1.   The Court has

jurisdiction over this matter under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure.   ECF Nos. 7, 11.   For the reasons stated below, Plaintiff's

Motion (ECF No. 7) is GRANTED, the Commissioner's Motion (ECF No. 11) is DENIED, and

this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On January 3, 2011, Plaintiff protectively filed applications for DIB and SSI under the Act. Tr.[1] 15. In both applications, Plaintiff alleges disability since December 15, 2010 due to lupus, depression, hand problems, feet problems and eye problems. *Id.*; Tr. 187. After these applications were denied, a hearing was held before Administrative Law Judge Bruce Mazzarella ("the ALJ") on May 22, 2013. Tr. 27-61. At the hearing, Plaintiff appeared with her attorney and testified. *Id.* A vocational expert named Jay Steinbrenner ("the VE") also testified. *Id.* On July 18, 2013, after considering Plaintiff's applications *de novo*, the ALJ issued a decision finding that Plaintiff is not disabled within the meaning of the Act. Tr. 15-22. That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 20, 2015. Tr. 1-5. Plaintiff then filed this civil action. ECF No. 1.

## LEGAL STANDARDS

### I.   Disability Determination

The Act defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d), 1382c(a)(3)(A). Social Security Administration ("SSA") regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act. 20 C.F.R. §§ 404.1520, 416.920.

First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe

---

[1]   References to "Tr." are to the administrative record in this matter.

impairment or combination of impairments, the claimant is not disabled. *Id.* If the claimant does, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 404.1509) is satisfied, then the claimant is disabled. 20 C.F.R. § 404.1520(d). If it does not, the ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is an assessment of what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC is then used at steps four and five. 20 C.F.R. § 404.1520(e).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform his or her past relevant work, the claimant is not disabled. *Id.* If he or she cannot, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 404.1520(g). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## II.      District Court Review

District Court review of the Commissioner's decision is not *de novo*.  *See, e.g.,* *Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).  The Commissioner's decision may only be set aside if it is not supported by "substantial evidence" or is the product of legal error.  *See, e.g.,* *Miller v. Colvin*, 85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).  Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

## I.       The ALJ's Decision

In this case, the ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 15, 2010, her alleged onset date.  Tr. 17.  At step two, the ALJ found that Plaintiff suffers from the following severe impairments: systemic lupus, cubital tunnel left elbow, and mild carpal tunnel.  *Id.*  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment in the Listings.  Tr. 18.

The ALJ then determined that Plaintiff retains the RFC to perform the full range of light work[2] but with some additional limitations.  Specifically, the ALJ found that "the claimant can sit

---

[2]      "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities.  If someone can do light work, [the SSA will] determine

for [eight] hours in a work day with only normal breaks and meal periods; the claimant can stand and walk for [eight] hours in a day with only normal breaks and meal periods; the claimant can lift and carry twenty pounds occasionally and ten pounds frequently; the claimant should not engage in frequent repetitive stooping, crouching, kneeling or climbing stairs; the claimant should not engage in constant repetitive flexion and extension of the left elbow and hand; and, the claimant should avoid sunlight." Tr. 19.

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a housekeeper. Tr. 21-22. As a result, the ALJ concluded that Plaintiff is not "disabled" under the Act. Tr. 22.

## II.      Plaintiff's Challenge to the ALJ's Decision

Plaintiff argues that remand is warranted because the ALJ ignored certain limitations found by Plaintiff's treating physician Entela Pone, M.D. ("Dr. Pone") even though the ALJ ostensibly gave "great weight" to Dr. Pone's opinion.[3] ECF No. 7-1. The Court agrees.

It is well established that an ALJ cannot substitute his or her own judgment for a competent medical opinion. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). When determining how much weight to give a medical opinion in the record, the ALJ is required to consider the following factors: (1) whether the source of the opinion has examined the claimant; (2) the length, frequency, and nature of the treatment relationship; (3) whether the medical source presents relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether the medical source is a specialist; and (6) other relevant factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c).

---

that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[3]      Plaintiff also argues that the ALJ erred by similarly ignoring certain limitations found by consultative examiner Nikita Dave, M.D. ("Dr. Dave"). ECF No. 7-1. Because remand is warranted solely on the basis of the ALJ's error in evaluating Dr. Pone's opinion, the Court declines to reach Plaintiff's argument regarding Dr. Dave.

Furthermore, under the so-called "treating physician rule," a medical opinion rendered by the claimant's "treating source" must be given controlling weight if it is well-supported by medically acceptable techniques and not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2). Even where the treating physician's opinion is not entitled to controlling weight, the ALJ is still required to consider the factors listed in 20 C.F.R. § 404.1527(c) when determining how much weight the opinion should receive. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). After considering those factors, the ALJ must comprehensively set forth his or her reasons for the weight assigned to the treating physician's opinion. *Id.* (citing *Burgess*, 537 F.3d at 129. An ALJ's failure to provide "good reasons" for not crediting the opinion of a claimant's treating physician is ground for remand. *Id.*

Here, Plaintiff's treating physician, Dr. Pone, filled out a Lupus (SLE) Residual Functional Capacity Questionnaire regarding the extent to which Plaintiff's lupus hinders her ability to work and function. Tr. 375-381. In that questionnaire, Dr. Pone opines that Plaintiff does not suffer from any significant exertional limitations as a result of her lupus. *Id.* However, Dr. Pone does note that Plaintiff's lupus has caused other symptoms such as photosensitivity and discoid rash. Tr. 376. Dr. Pone also opines that Plaintiff should avoid all exposure to the following: extreme cold; extreme heat; high humidity; fumes, odors, dusts, and gases; perfumes; cigarette smoke; soldering fluxes; solvents/cleaners; and chemicals. Tr. 380.

The ALJ gave "great weight" to Dr. Pone's opinion. Tr. 20. However, aside from the recommendation that Plaintiff should avoid exposure to sunlight, the ALJ did not incorporate any of the environmental restrictions prescribed by Dr. Pone into Plaintiff's RFC. Tr. 19. Most importantly, the ALJ did not incorporate Dr. Pone's recommendation that Plaintiff avoid all exposure to solvents and cleaners. *Id.* Unsurprisingly, the VE testified at Plaintiff's hearing that Plaintiff would not be able to perform her past relevant work as a housekeeper if she needed to

avoid all exposure to solvents and cleaners.   Tr. 58.   The ALJ's rejection of Dr. Pone's recommendation was therefore crucial to the conclusion that Plaintiff was not disabled at step four of the analysis.

The only explanation the ALJ provides for rejecting Dr. Pone's opinion in this regard is that "the claimant has no lung or breathing problems and must avoid only intense direct sunlight." Tr. 21.   The ALJ's cursory reference to Plaintiff's lungs and breathing falls far short of the type of comprehensive discussion necessary to overcome a treating physician's opinion, especially given the fact that the ALJ ostensibly gave "great weight" to Dr. Pone's opinion.

Furthermore, it is unclear what relevance—if any—Plaintiff's lack of lung or breathing problems has with respect to whether Plaintiff should avoid exposure to solvents and cleaners. The ALJ cites to Exhibit 5F in the record, which is an Internal Medicine Examination report signed by consultative examiner Dr. Dave. Tr. 293-97.   In the context of a physical examination, Dr. Dave does note that Plaintiff's chest and lungs are functioning normally. Tr. 295.   But Dr. Dave does not draw any connection between Plaintiff's lungs and whether Plaintiff should avoid exposure to solvents and cleaners. Tr. 293-97.   To the extent the ALJ was the one making such a connection, the ALJ improperly elevated his lay opinion over that of a competent medical source. *Greek*, 802 F.3d at 375 ("The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.").   The fact that Plaintiff's lungs appeared normal in the context of a physical examination is not a "good reason" for failing to credit Dr. Pone's opinion that Plaintiff must avoid all exposure to solvents and cleaners.

Because the ALJ did not give controlling weight to the opinion of Plaintiff's treating physician, and in rejecting portions of that opinion did not sufficiently explain his reasons for doing so, remand is warranted.[4]

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED. This matter is REMANDED to the Commissioner for further administrative proceedings in accordance with this decision. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 19, 2016
   Rochester, New York

                  _____
           HON. FRANK P. GERACI, JR.
           Chief Judge
           United States District Court

---

[4]   At Plaintiff's hearing, the VE testified that there are other jobs in the national economy that Plaintiff could perform even given the environmental restrictions prescribed by Dr. Pone. Tr. 58. However, the ALJ did not actually make a determination at step five and the Commissioner does not argue that the ALJ's error at step four was harmless. Therefore, remand is necessary. *Corbeil v. Colvin*, No. 12-CV-0114, 2015 WL 1735089, at *6 (W.D.N.Y. Apr. 16, 2015).